**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

| | |
|---|---|
| MALIK SHABAZZ HAWKINS,       ) | |
|       ) | |
| **Petitioner,**       ) | |
| **v.**       ) | **Civil Action No. 5:17-02024** |
|       ) | |
| **D.L. YOUNG, Warden,**       ) | |
|       ) | |
| **Respondent.**       ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

## FACT AND PROCEDURE

**A.      Criminal Action No. 5:07-cr-00073:**

On September 12, 2007, Petitioner pled guilty in the Eastern District of Kentucky to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C § 846 (Count Two). United States v. Hawkins, Case No. 5:07-cr-0073 (E.D.Ky. Jan. 28, 2008), Document No. 57. The District Court determined Petitioner was a career offender under U.S.S.G. § 4B1.1. Id. On January 28, 2008, the District Court sentenced Petitioner to imprisonment for a total term of

---

[1]      Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"262 months on the instant offense and 24 months for his violation of supervised release, to run concurrently – for a total sentence of 262 months. This term of incarceration shall run consecutively to the state sentence." Id., Document No. 92. The District Court further imposed an 8-year term of supervised release and a $100 special assessment. Id.

On January 31, 2008, Petitioner filed his Notice of Appeal. Id., Document No. 95. Specifically, Petitioner argued that the District Court erred by applying a career offender enhancement based upon his conviction for possession of an unregistered firearm. Id., Document No. 104. Petitioner argued that his prior conviction for possession for an unregistered firearm was not a "crime of violence" under U.S.S.G. § 4B1.1 Id. By Opinion entered on February 4, 2009, the Sixth Circuit Court of Appeals affirmed the decision of the District Court. Id.

**B.    Section 2255 Motion:**

On July 20, 2011, Petitioner filed in the Eastern District of Kentucky a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 114. In his Motion, Petitioner asserted the following grounds for relief: (1) "Due to a significant change in case law 'possession of an unregistered firearm' is no longer a 'crime of violence;'" (2) "A 'crime of violence' has now been defined by the Supreme Court;" (3) Section 4B1.2, cmt. note 1, of the USSG's are now contrary to Supreme Court precedent;" (4) "Petitioner is actually innocent of the career enhancement he has been sentenced to;" and (5) "The application of USSG 4B1.1 is unconstitutional." Id. The United States filed its Response on August 17, 2011. Id., Document No. 118. Petitioner filed his Reply on November 1, 2011. Id., Document No. 124. By Proposed Findings and Recommendation entered on January 3, 2012, United States Magistrate Judge Edward B. Atkins' recommended that Petitioner's Section 2255 Motion be denied. Id., Document No. 125. Petitioner filed his Objections on March 2, 2012. Id., Document No. 130. By

Memorandum Opinion and Order entered on March 6, 2013, United States District Judge Joseph M. Hood denied Petitioner's Section 2255 Motion after adopting in part and rejecting in part Judge Atkin's recommendation. Id., Document No. 131. Petitioner filed his Notice of Appeal on April 19, 2012. Id., Document No. 133. By Order entered on October 16, 2012, the Sixth Circuit denied Petitioner application for a certificate of appealability. Id., Document No. 136.

**C.     First Request for Authorization to File a Successive Section 2255 Motion:**

On December 7, 2012, Petitioner filed his Request for Authorization to File a Successive Section 2255 Motion with the Sixth Circuit. Id., Document No. 137. In support, Petitioner argued that his plea was invalid in light of Missouri v. Frye, 132 S.Ct. 1399 (2012), because counsel failed to advise him accurately of the consequences of his plea by misleading Petitioner that he would not be sentenced as a career offender. Id. By Order filed on May 16, 2013, the Sixth Circuit denied Petitioner's request finding that his claim did not satisfy either requirement for obtaining permission to file a second or successive Section 2255 Motion. Id.

**D.     Second Section 2255 Motion/Request for Authorization to File a Successive Section 2255 Motion:**

On January 8, 2016, Petitioner filed his second Section 2255 Motion in the Eastern District of Kentucky arguing he was entitled to relief based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Id., Document No. 141. Petitioner argued that under Johnson, he was improperly classified as a career offender because his prior conviction for possessing a sawed-off shotgun no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a). Id. By Memorandum Opinion and Order filed on February 12, 2016, the District Court construed Petitioner's second Section 2255 Motion as a Request for Authorization to File a Successive Section 2255 Motion and transferred such to the Sixth Circuit Court of Appeals. Id., Document No. 145. By Order entered on August 16, 2016, the Sixth Circuit granted Movant's

3

Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 148. The Sixth Circuit further directed that Petitioner's case be remanded to the Eastern District of Kentucky for further proceedings. Id.

**E.    Third Section 2255 Motion:**

On August 16, 2016, Petitioner's third Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and Memorandum in Support was docketed in the Eastern District of Kentucky. Id., Document Nos. 152 and 152-1. As grounds for relief, Petitioner argued that he did not qualify as a career offender in light of Johnson. Id. Petitioner asserted that under Johnson, he was improperly classified as a career offender because his prior conviction for possessing a sawed-off shotgun no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.1. Id. Petitioner argued that the decision in Johnson applies retroactively on collateral review, and his claim was cognizable under Section 2255. Id. On September 28, 2016, Petitioner filed a Motion to Stay pending the Supreme Court's decision in Beckles v. United States, No. 16-8544. Id., Document No. 155. By Order entered on September 28, 2016, the District Court granted Petitioner's Motion to Stay. Id., Document No. 156. It appears that Petitioner's Section 2255 Motion is still stayed in the Eastern District of Kentucky.

**F.    Instant Section 2241 Petition:**

On March 27, 2017, Petitioner filed his instant Section 2241 Petition and Memorandum in Support. (Civil Action No. 1:17-02024, Document Nos. 1 and 2.) Petitioner argues that the sentencing court improperly determined Petitioner met the criteria for career offender status pursuant to U.S.S.G. § 4B1.1. (Id.) Petitioner states that in light of Johnson, his career offender enhancement was improperly based upon his prior conviction for possession of a sawed-off shotgun. (Id.) Petitioner asserts that under Johnson, he was improperly classified as a career

4

offender because his prior conviction for possessing a sawed-off shotgun no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a). Id. Accordingly, Petitioner requests that he be resentenced without the career offender enhancement. Id.

**G.    Motion to Reduce Sentence Pursuant to First Step Act of 2018:**

On January 18, 2019, Petitioner filed in the Eastern District of Kentucky a Motion to Reduce Sentence pursuant to the First Step Act of 2018. Hawkins, Case No. 5:07-cr-0073, Document No. 158. By Order entered on January 22, 2019, the District Court denied Petitioner's Motion. Id., Document No. 160. Specifically, the District Court determined that the First Step Act was inapplicable to Petitioner's sentence "because he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, not based on the guideline ranges in U.S.S.G. 2D1.1, which are based on drug quantity calculation and were amended by the Fair Sentencing Act reforms that are not applied retroactively." Id. Petitioner filed his Notice of Appeal on February 19, 2019. Id., Document No. 162. By Order entered on June 18, 2019, the Sixth Circuit dismissed Petitioner's appeal. Id., Document No. 168. Petitioner filed a petition for rehearing, which was denied by the Sixth Circuit on July 29, 2019. Id., Document No. 169.

<u>**ANALYSIS**</u>

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004).

Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Eastern District of Kentucky. Specifically, Petitioner challenges his career offender enhancement under the U.S.S.G. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2)

construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Kentucky. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has a Section 2255 Motion asserting the exact same issue pending before the sentencing Court.[2]

---

[2]  Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). The undersigned further notes that Petitioner obtained authorization to file a successive Section 2255 Motion based upon *Johnson*. Proceeding on his

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255

---

successive Section 2255 Motion was stayed to await a decision by the Supreme Court in *Beckles*. The Supreme Court has now decided *Beckles*, therefore, Petitioner should file a motion requesting that his case be unstayed.

because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner is clearly challenging his sentencing enhancement under the advisory Guidelines. In United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015), the Fourth Circuit considered whether a petitioner's *habeas* challenge to his sentence, which was based on a subsequently nullified career offender designation, was a fundamental defect that inherently results in a miscarriage of justice. Foote, 784 F.3d at 932. The Fourth Circuit explained that it declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [a petitioner] was (and on remand, would again be) sentenced under an advisory Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Id. at 941. Thus, Petitioner cannot satisfy the fourth Wheeler requirement based upon his claim of error in the application of the advisory Guidelines. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018)(recognizing that a petitioner could not satisfy the fourth *Wheeler* requirement ("error sufficiently grave to be deemed a fundamental defect)" based upon the petitioner's misclassification as a career offender under the advisory Guidelines); also see Kornegay v. Warden, 748 Fed.Appx. 513, 514 (4th Cir. 2019)(finding petitioner could not satisfy the fourth *Wheeler* requirement because petitioner "was sentenced under the advisory Guidelines and *Foote* bars his petition). Furthermore, Petitioner's reliance upon Johnson to challenge the validity of his

10

career offender enhancement is without merit.[4] On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment. Beckles v. United States, ___ U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The record clearly reveals that Petitioner is challenging the enhancement of his sentence under the Guidelines. Finally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Based upon the foregoing, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[4] In *Johnson*, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016). On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines ["U.S.S.G."] were not subject to a void for vagueness challenge under the Fifth Amendment. *Beckles v. United States*, ___ U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017).

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: September 20, 2019.

Omar J. Aboulhosn
United States Magistrate Judge

12